DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for assaulting a police officer entered on a jury verdict in the Huron County Court of Common Pleas. Because we conclude that the verdict was supported by the evidence and that appellant was not denied effective assistance of counsel, we affirm.
 {¶ 2} On the evening of January 4, 2003, a Norwalk, Ohio police officer attempted to stop a car driven by appellant, William Collins, for a stop sign violation. When the officer activated his lights, appellant abandoned his car and fled. The officer eventually found appellant hiding near a school. He appeared to be intoxicated and resisted arrest. Officers applied pepper spray to subdue him.
 {¶ 3} Appellant remained belligerent and uncooperative as he was transported to the police station. There he was placed in a locked interview room. A short time later, appellant attracted officers' attention by slamming a plastic and metal chair into the glass in the interview room door. According to officers' later trial testimony, they ordered appellant to put down the chair. When appellant continued his behavior, two officers entered the room. As the lead officer into the room testified, he entered the room ordering appellant to "get back, get back." When he, "* * * stepped right into kind of like the threshold of the door [appellant] came at me with the chair above his head like he was going to hit me with it. So, I shot him with the pepper ball gun."
 {¶ 4} According to the testimony of the officers present, the impact from the non-lethal pepper ball gun caused appellant to reel momentarily, allowing one of them to take the chair from him. When approached by an officer, however, appellant reportedly stood and reassumed a fighting position. Officers again used the pepper gun, this time subduing appellant. Later, according to police testimony, appellant asked, "don't you fellows know how to come in and tussle with anybody any more[?]"
 {¶ 5} Appellant was charged with several offenses, but requested and was granted a separate jury trial for the police assault charge. At trial, the three officers involved with appellant testified to his initial arrest and the events in the interview room. At the conclusion of the state's case, appellant's Crim.R. 29 motion was denied. Appellant then rested without presenting a defense. The matter was then submitted to the jury which found appellant guilty of assaulting a police officer.
 {¶ 6} Appellant now appeals this verdict, setting forth the following four assignments of error:
 {¶ 7} "ASSIGNMENT OF ERROR NO. 1
 {¶ 8} "The juries [sic] finding that the Defendant/Appellant is guilty of assault is contrary to law.
 {¶ 9} "ASSIGNMENT OF ERROR NO. 2
 {¶ 10} "The finding of the jury that the Defendant is guilty of assault on a police officer is against the manifest weight of the evidence.
 {¶ 11} "ASSIGNMENT OF ERROR NO. 3
 {¶ 12} "The Defendant herein received ineffective assistance of counsel when the police officer testified without objection to a prior prison term. And other irrelevant evidence was admitted.
 {¶ 13} "ASSIGNMENT OF ERROR NO. 4
 {¶ 14} "The Court erred to the prejudice of the Defendant by not granting his Criminal Rule 29(A) motion for a directed verdict of acquittal."
 WEIGHT AND SUFFICIENCY OF EVIDENCE {¶ 15} In his first assignment of error, appellant challenges the sufficiency of the evidence supporting his conviction. In his fourth assignment of error, he asserts as error the trial court's denial of his Crim.R. 29(A) motion at the close of the state's case. Since the Crim.R. 29(A) motion challenges the sufficiency of the evidence, the same standard is applied. See State v.Smith (Feb. 13, 2004), 2d Dist. App. No. 2003-CA-23, 2004-Ohio-665, ¶ 8. In his third assignment of error, appellant insists that his conviction was against the manifest weight of the evidence. We will discuss these issues together.
 {¶ 16} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Statev. Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986),25 Ohio St.3d 203.
 {¶ 17} In material part, R.C. 2903.13 provides that:
 {¶ 18} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 {¶ 19} "* * *
 {¶ 20} "(C) Whoever violates this section is guilty of assault.
 {¶ 21} "* * *
 {¶ 22} "(3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree. * * *"
 {¶ 23} This is the offense of which appellant was convicted.
 {¶ 24} Appellant insists that there was insufficient evidence that he attempted to cause physical harm. According to appellant, the mere act of approaching officers with a chair raised over his head without evidence of his intent is insufficient to support an assault conviction.
 {¶ 25} "Intent" is not susceptible to objective proof; it must be determined by the surrounding facts and circumstances.State v. Garner (1995), 74 Ohio St.3d 49, 60. If the testimony was that appellant had a chair over his head because he was moving the furniture, he might have a point. Here, however, the testimony was that appellant was constantly obstreperous throughout his contact with police. He created a commotion when left alone in the interview room and, when officers entered the room, lunged at one of them with a chair over his head. Moreover, afterward, appellant lamented the loss of the days when police would "tussle" with a detainee. If believed, this is certainly sufficient evidence that appellant attempted to cause physical harm to a peace officer.
 {¶ 26} Accordingly, appellant's first and fourth assignments of error are not well-taken.
 {¶ 27} With respect to appellant's manifest weight argument, we have carefully examined the record in this matter and find no evidence that the jury "lost its way." Accordingly, appellant's second assignment of error is not well-taken.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 28} In this third assignment of error, appellant asserts that he was denied effective assistance of counsel.
 {¶ 29} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v.Washington (1984), 466 U.S. 668, 687. Accord State v. Smith
(1985), 17 Ohio St.3d 98, 100.
 {¶ 30} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v.Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of theStrickland test.
 {¶ 31} Appellant maintains that his trial counsel's performance was defective because counsel failed to object to testimony of one of the officers concerning appellant being in prison and permitted, without objection, irrelevant testimony about appellant's behavior during arrest and transportation.
 {¶ 32} The testimony concerning prison occurred during the testimony of the arresting officer about appellant's demeanor on arrest:
 {¶ 33} "Q. Okay. Was he saying anything during that walk back to the —
 {¶ 34} "A. Again, f*** bitches, you guys don't know who you're messing with. We talked about prison, you know.
 {¶ 35} "Q. And, what happened then?
 {¶ 36} "A. After he was taken down, told, you know, to quit resisting, knock it off, you know, it's not helping anything, calm down; got him back to his feet. * * *"
 {¶ 37} As the state notes, this testimony was ambiguous. It seems just as likely that the officer and appellant spoke about appellant going to prison as opposed to having been there before. Moreover, counsel's failure to object could have easily been intended to avoid bringing attention to the topic.
 {¶ 38} Concerning testimony about appellant's initial flight and arrest, it appeared that the trial counsel welcomed this testimony in an attempt to show that the officers might have already been frustrated with appellant and overreacted or misinterpreted his antics in the interview room.
 {¶ 39} As both of the circumstances appellant characterizes as defective performance might be consistent with sound trial strategy, appellant has failed to satisfy the first prong of theStrickland test. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 40} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., Concur.